UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DELMAREY MITCHELL,

       Plaintiff,

v.                                      Case No. 2:16-cv-106
                                          HON.  PAUL L. MALONEY

UNKNOWN GOLLADAY,  et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Delmarey Mitchel pursuant to 42 U.S.C. § 1983.  Defendants filed a motion for summary judgment (ECF No.  34)  on the ground that Plaintiff failed to exhaust his available administrative remedies.  Plaintiff filed a response (ECF No. 13).   Plaintiff filed this complaint against Corrections Officer Unknown Golladay, Grievance Coordinator Michael McLean, Corrections Officer Unknown Bender, and Corrections Officer J. Cusick.  Plaintiff alleges that while he was confined at the Chippewa Correctional Facility, Defendants retaliated against Plaintiff and were deliberately indifference to his serious medical needs.

Plaintiff asserts that he suffers with gastrointestinal and kidney problems, that require him to take medication with food and water, and have bathroom access.  Plaintiff alleges on November 25, 2015, he asked Defendant Golladay if he could use the restroom to take his medication.  Defendant Golladay told Plaintiff to "piss on yourself and I'm giving you a direct order put your bowl down, you don't deserve to eat suffer."  Plaintiff alleges that Defendant McLean failed to place a proper identifier number on a grievance submitted on Defendant Golladay on November 25, 2015.   Plaintiff filed a grievance against Defendant McLean for retaliation for purposely not placing a grievance identifier number on the grievance that Plaintiff submitted on Defendant Golladay.  URF-15-12-4734-11 G.

Plaintiff asked Defendant Bender if he could use the restroom on February 6, 2016. Defendant Bender told Plaintiff "yes, hurry up." Plaintiff went to the restroom, but Defendant Bender stopped Plaintiff upon the return to his cell and stated are you still writing grievances. Plaintiff responded "yes." Bender responded "let's see you get out of the ticket I'm going to write you for using the restroom even though I gave you permission remember two can play the pen game." Plaintiff alleges that Defendant Bender issued a falsified misconduct for out of place.

Plaintiff alleges that on February 17, 2016, he was denied use of the bathroom. Defendant Golladay told Plaintiff "hell, no you wait until the top of the hour" to use the bathroom. Plaintiff filed grievance URF-16-02-727-17 A. Similarly, Plaintiff alleges that on February 26, 2016, Defendant Cusick refused Plaintiff's request to use the bathroom stating "no, wait until the next round or the top of the hour." Defendant Cusick told Plaintiff to "pee on yourself." Defendant Cusick issued Plaintiff a misconduct for being out place and told Plaintiff he issued the false misconduct because Plaintiff complained too much.

Plaintiff spoke with Resident Unit Manager Mike LaCrosse and asked for assistance. LaCrosse laughed at Plaintiff and told Plaintiff to stop writing grievances. Defendants move for partial summary judgment arguing that Plaintiff failed to properly grieve his claims against Defendants McLean, Bender, and Cusick. Defendant Golladay concedes that Plaintiff grieved the claim asserted against him for the February 17, 2016, incident. Defendant Golladay argues that Plaintiff failed to grieve any other claims.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of

law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-216 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S.Ct. 1850, 1859-1860 (2016).

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved

4

in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original).[1]  The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent.  *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due.  *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances.  *Id.* at ¶ GG.  If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III.  *Id.* at ¶ FF.  The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.* at ¶ FF.  The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director.  *Id.* at ¶ GG.  Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process.  *Id.* at ¶ X.  "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ."  *Id* at ¶ HH.

Plaintiff exhausted two grievances through Step III of the grievance process.  In grievance URF 16-02-0727-17A Plaintiff asserted that Defendant Golladay refused his request to use the bathroom on February 17, 2016.  See ECF No. 12-2, PageID58-62.  Plaintiff exhausted this claim

---

[1]In *Holoway v. McClaren*, No. 15-2184 (6th Cir., April 7, 2016) (unpublished), the Sixth Circuit concluded that where a plaintiff fails to name each defendant in his grievance, the un-named defendants may not be dismissed for failure to exhaust grievance remedies if the MDOC did not reject the grievance under the policy requiring a grievant to name each individual involved.  The Sixth Circuit stated: "Because MDOC officials addressed the merits of Holloway's grievance at each step and did not enforce any procedural requirements, Holloway's failure to identify the defendants named in this lawsuit and to specify any wrongdoing by them in his grievances cannot provide the basis for dismissal of his complaint for lack of exhaustion."  *Id.* at 3.  The Sixth Circuit failed to provide any guidance as to how the MDOC might determine who the plaintiff intended to name in a future federal lawsuit at the time the plaintiff filed his Step I grievance.

through Step III of the grievance process. At Step II of the grievance process, Plaintiff asserted for the first time that Defendants Cusick and Bender wrote false misconduct tickets on Plaintiff for being out of place on February 6, 2016, and on February 26, 2016. The Step II response only addressed the February 17, 2016, issue regarding Defendant Golladay that Plaintiff had originally asserted in the Step I grievance. The Step III response denied Plaintiff's appeal. In the opinion of the undersigned, Plaintiff only exhausted his February 17, 2016, claim against Defendant Golladay in this grievance.

In grievance URF-15-12-4734-11g Plaintiff complained at Step I that Defendant McLean failed to properly process Plaintiff's November 26, 2015, grievance by failing to provide a grievance identification number. ECF No. 12-2, PageID.63-67. Plaintiff was instructed to resubmit the grievance, because Defendant McLean did not have a record of the grievance. Petitioner indicated that he did not want to resubmit the grievance as instructed, but preferred to appeal this grievance to Step II. The Step II appeal was denied because there existed no evidence to support Plaintiff's claim that his grievance was not processed. The Step III appeal was denied. In the opinion of the undersigned, Plaintiff exhausted his claim against Defendant McLean involving the alleged failure to process the grievance.

Contrary to Plaintiff's argument, this grievance does not establish that Plaintiff was denied available grievance remedies. Plaintiff was instructed to resubmit the grievance at Step I. Plaintiff decided not to follow those instructions, because he believed that the grievance would be rejected due to his failure to make a timely submission. The fact that Plaintiff deliberately decided to not resubmit his grievance, shows that Plaintiff failed to exhaust his grievance remedies on the underlying issue. If Plaintiff had in fact resubmitted the grievance as instructed and the grievance was rejected, Plaintiff could make a believable argument that he was denied an available grievance remedy under the Supreme Court's holding in *Ross*. In the opinion of the undersigned, Plaintiff's failure to follow the MDOC instruction to resubmit the grievance, shows that Plaintiff failed to exhaust the claim he intended to assert in his November 26, 2015 grievance.

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (ECF No. 11) be granted in part, dismissing Defendants Bender and Cusick without prejudice for Plaintiff's failure to exhaust his grievance remedies against them, and dismissing the November 25, 2015, claim against Defendant Golladay without prejudice for failing to properly file a grievance on this incident.  It is recommended that the motion be denied as to Defendant McLean.

Dated:  _____September 16, 2016_____          _____/s/ Timothy P. Greeley_____
                                                                                  TIMOTHY P. GREELEY
                                                                                  UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).