UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


DELMAREY MITCHELL,

        Plaintiff,

v.                                   Case No.  2:16-cv-106
                                        HON. PAUL L. MALONEY

UNKNOWN GOLLADAY, et al.,

        Defendants.

_____/


## REPORT AND RECOMMENDATION

        This is a civil rights action brought by state prisoner Delmarey Mitchell pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that he suffers with gastrointestinal and kidney problems that require him to take medication with food and water.  As a result, Plaintiff asserts that he needs restroom access upon request.   The remaining Defendants are Christopher Golladay and Michael McLean.

        On November 25, 2015, Plaintiff alleges that he requested use of the bathroom, but his request was denied by Defendant Golladay.  Plaintiff asserts that his medical condition requires access to the bathroom without restrictions.  Plaintiff asserted that he had been vomiting without reason and needed to take medication.  Plaintiff requested the use of the bathroom so that he could get warm water for his Ramen Noodles in order to take prescribed medication with a meal.  Plaintiff states that Defendant Golladay would not allow him to use the bathroom.  Plaintiff attempted to file a grievance on this issue.  On December 13, 2015, Plaintiff sent Defendant McLean a kite regarding the status of the grievance.  Plaintiff asserts that he sent Defendant

McLean three kites, but he never received a response. Plaintiff filed a grievance against Defendant McLean. At Step III, Plaintiff was instructed to file a new grievance against Defendant Golladay. Plaintiff, however, refused to file a new grievance on Defendant Golladay. Plaintiff alleges that Defendant Golladay refused Plaintiff's request to use the bathroom on February 17, 2016.

Defendants Golladay and McLean filed a motion for summary judgment (ECF No. 39). Plaintiff filed a response (ECF No. 40). Defendant Golladay concedes that Plaintiff's retaliation claim against him should proceed to trial. Defendant Golladay seeks summary judgment on Plaintiff's Eighth Amendment claim and Defendant McLean seeks summary judgment on Plaintiff's First Amendment and Eighth Amendment claims.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477

U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.  *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff alleges that Defendant McLean retaliated against him when he failed to process the grievance that Plaintiff filed against Defendant Golladay for the November 25, 2016, denial of Plaintiff's request to go to the bathroom.  The Sixth Circuit held that where the defendant's only involvement in the allegedly unconstitutional conduct is "the denial of administrative grievances or the failure to act," the defendant cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  The reason is that there must be active unconstitutional behavior.  Failing to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior by a person who merely denies an administrative grievance. *Id.*  Also, in unpublished decisions, the Sixth Circuit has held that a prisoner's allegation that a defendant improperly denied a grievance is not a claim of constitutional dimension because there is "no inherent constitutional right to an effective prison grievance procedure." *See Overholt v. Unibase Data Entry, Inc.*, No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000); *Lyle v. Stahl*, No. 97-2007, 1998 WL 476189, at *1 (6th Cir. Aug. 3, 1998); *see also Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994) (no constitutional right to a grievance procedure).  The Sixth Circuit has only found that there is a constitutional right not to be retaliated against for having filed a nonfrivolous grievance. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000); *Shehee*, 199 F.3d at 301.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Defendant McLean argues that Plaintiff cannot establish adverse action was taken against him due to the failure to process his grievance. Plaintiff was instructed to refile his grievance against Defendant Golladay after Plaintiff filed a grievance against Defendant McLean for failing to process the grievance. Plaintiff chose not to refile his grievance. Defendant McLean has indicated that he never received the original grievance. Accordingly, there exists no evidence other than speculation that Defendant McLean refused to process the grievance in retaliation for the filing of the grievance. In the opinion of the undersigned, Plaintiff cannot show that adverse action was taken against him. Nor can he show that Defendant McLean intentionally failed to process the grievance.

Defendants argue that Plaintiff's Eighth Amendment claims against them should be dismissed. Plaintiff asserts that Defendant McLean's failure to process the grievance violated his Eighth Amendment rights by contributing to his medical problems. In addition, Defendant

Golladay asserts that he is entitled to qualified immunity on Plaintiff's Eighth Amendment claims because he was not deliberately indifferent to any clearly established rights that Plaintiff possessed. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id*.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-

46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Plaintiff alleges that he was denied his request to access the bathroom, despite his need to have unrestricted access. Plaintiff was on toplock status and had access to the bathroom on his way to meals and at least once each hour. (Step I Grievance Response, ECF No. 12-2, PageID.62; affidavit of Christopher Golladay, ECF No. 39-5, PageID.183). Defendant Golladay argues that he is entitled to qualified immunity because he did not violate clearly established law. In *McNeal v. Kott*, 590 Fed. Appx. 566 (2014), the prisoner plaintiff had a medical condition that forced him to use the restroom as often as four times per hour. Prison officials at the Kinross

Correctional Facility conducted daily prison counts that required prisoners to lock in their cells for up to forty-six minutes until the count was complete. Prisoners are warned ahead of time to use the restroom facilities because most cells do not have toilets. The plaintiff was unable to wait that long to use the restroom. Plaintiff was denied restroom use on three occasions. In concluding that the prison officials were entitled to invoke the defense of qualified immunity the Court of Appeals explained the current state of the law:

> In one case, an inmate claimed that prison officials "deprived [him] of a working toilet." *Dellis v. Corr. Corp. of Am., 257 F.3d 508, 511* (6th Cir. 2001). We turned his lawsuit aside, holding that such "temporary inconveniences ... did not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency." *Id.* In another case, an inmate claimed that prison officials barred him from using the toilet, "allow[ed] him to sit in his own urine," and refused him "fresh drinking water for two 8–hour periods." *Hartsfield v. Vidor,* 199 F.3d 305, 309–10 (6th Cir.1999). We turned his lawsuit aside too, noting "that deprivations of fresh water and access to the toilet for a [twenty]-hour period, while harsh, were not cruel and unusual." *Id.*
>
> In the face of these precedents, McNeal cannot show that the prison officials violated clearly established law. McNeal nowhere claims that the prison and its medical staff have failed to treat his condition as best they can. And each incident, while regrettable, did not contradict any baseline established by our decisions.
>
> Consider to start the second (April 2) and third (April 18) incidents—the only times McNeal was unable to reach a bathroom. On March 27, before each of these incidents, the prison gave McNeal an option that would have provided relief for these brief deprivations—incontinence pads. Yet he refused them. *Simpson v. Overton,* 79 Fed.Appx. 117, 119–20 (6th Cir.2003), arose from similar circumstances. Like McNeal, inmate Arthur Simpson had an enlarged prostate that forced him to urinate "three to four times an hour." *Id.* at 118. Like McNeal, Simpson was not allowed to leave his cell during count and soiled himself "on several occasions" as a result. *Id.* at 119. And like McNeal, Simpson rejected the medical accommodation the prison offered—in his case, a "urinal

bottle"—because he thought it was a "sham." *Id.* at 119–20. We granted defendants qualified immunity because Simpson could prove "no conceivable set of facts that could show that [the prison officials] w[ere] deliberately indifferent to [his] medical needs." *Id.* at 120. In light of *Simpson* and the other cases mentioned above, McNeal cannot identify a "robust consensus" placing this particular constitutional question "beyond debate."

*Id.* at 569.

Accordingly, Plaintiff cannot establish that Defendant Golladay violated clearly established law when he refused Plaintiff's request to use the restroom to obtain hot water so that he could take his medication with food. This is not a situation where Plaintiff was deprived of hot water for hours. Plaintiff had reasonable access to the restroom during Defendant Golloday's work shift. The fact that Plaintiff was denied the use of the restroom to obtain hot water, does not establish a violation of the Eighth Amendment or a violation of clearly established law in this Circuit.

Similarly, in the opinion of the undersigned, Plaintiff's Eighth Amendment claim against Defendant McLean for failing to process his grievance must fail. Plaintiff has presented no evidence that could establish that Defendant McLean acted with deliberate indifference to a serious medical need in failing to process Plaintiff's grievance at Step I of the grievance procedure.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendants' motion for summary judgment. Accordingly, it is recommended that Defendant's motion for summary judgment (ECF No. 39) be granted dismissing Defendant McLean and the Eighth Amendment claim against Defendant Golladay. If the Court accepts this recommendation only the First Amendment retaliation claim against Defendant Golladay shall remain.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: December 20, 2017             */s/ Timothy P. Greeley*
                                     TIMOTHY P. GREELEY
                                     UNITED STATES MAGISTRATE JUDGE